Jiang v. Holder

BIA
A078 952 404

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29ᵗʰ day of August, two thousand fourteen.

PRESENT:
        REENA RAGGI,
        GERARD E. LYNCH,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges*.

_____

DIANMOU JIANG,
        *Petitioner*,

        v.                                    12-3912
                                              NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent*.

_____

FOR PETITIONER:          Dehai Zhang, Flushing, New York.

FOR RESPONDENT:          Stuart F. Delery, Assistant Attorney
                         General; William C. Peachey,
                         Assistant Director; Samuel P. Go,
                         Senior Litigation Counsel, Civil
                         Division, Office of Immigration
                         Litigation, United States Department
                         of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Dianmou Jiang, a native and citizen of the People's Republic of China, seeks review of a September 10, 2012 order of the BIA denying his motion to reopen proceedings. *See Dianmou Jiang*, No. A078 952 404 (B.I.A. Sept. 10, 2012). We assume the parties' familiarity with the underlying facts and procedural history of this case.

First, we lack jurisdiction over any challenge to the agency's 2004 determination that Jiang's original asylum application was frivolous, as Jiang did not file a petition for review of that order. *See* 8 U.S.C. § 1252(b)(1).

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date of the final administrative decision, unless that motion seeks to apply for asylum and is based on a material change in conditions in the country of removal. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2), (3). There is no dispute that Jiang's motion, filed in 2012, was

2

untimely because the BIA issued a final order of removal in 2004.

To the extent Jiang argues that political activities excuse the untimeliness, his activities amount to a change in his personal circumstances, not a change in conditions in China as needed to excuse the 90-day limit. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006) (making clear that limitations on motions to reopen may not be suspended because of "self-induced change in personal circumstances" that is "entirely of [applicant's] own making after being ordered to leave the United States").

Moreover, Jiang did not establish that the treatment of political activists in China had changed since his original proceedings. The BIA did not err in discounting a letter from Jiang's wife, or a summons purportedly from the authorities, because the documents were not accompanied by certificates of translation. *See* 8 C.F.R. § 1003.33.

Jiang argues that he established changed conditions via a comparison of: (1) a State Department report submitted in support of his 2003 application, which stated that political activists were not arrested upon re-entry into China; and (2) his wife's letter, which stated that authorities in

3

China would arrest him if he did not cease his political activities. However, Jiang failed to reference the country report before the agency, and we do not address unexhausted arguments. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-22 (2d Cir. 2007). Further, the country report did not address current conditions. Jiang's remaining evidence was entitled to little weight, because it either lacked the requisite authentication or notarization, or related only to his activities in the United States, not conditions in China. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006)("[T]he weight to afford to [an asylum applicant's] evidence lies largely within the discretion of the IJ" (internal quotation marks and alterations omitted)); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214 & n.5 (BIA 2010) (rejecting unauthenticated document obtained for purposes of hearing), *overruled in part on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). Accordingly, nothing in the record compels the conclusion that there has been a material change in conditions in China. *See* 8 U.S.C. § 1252(b)(4)(B) (providing that BIA's factual findings are "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary"); *Jian Hui Shao v. Mukasey*, 546

4

F.3d 138, 169 (2d Cir. 2008) (reviewing agency's factual findings regarding country conditions under substantial evidence standard).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, the pending unopposed motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

<div style="margin-left: 30%;">
FOR THE COURT:<br>
Catherine O'Hagan Wolfe, Clerk of Court
</div>